**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1495**

OSCAR ALEXANDER BARAHONA-PADILLA,

               Petitioner,

     v.

MICHAEL B. MUKASEY, Attorney General,

               Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A98-113-190)

Submitted: March 20, 2008            Decided:  April 2, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Linda Hanten, HARRIGAN & HANTEN, PC, Washington, D.C., for Petitioner.  Jeffrey S. Bucholtz, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Rebecca Hoffberg, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Alexander Barahona-Padilla, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing Barahona-Padilla's appeal of the immigration judge's denial of his application for asylum, which was construed to request withholding of removal and protection under the Convention Against Torture ("CAT").[*]

We have reviewed the administrative record, the immigration judge's decision, and the Board's affirmance thereof, and find that substantial evidence supports the ruling that Barahona-Padilla failed to establish a nexus between the past persecution he sustained and the political opinion he asserts his persecutors imputed to him. See 8 C.F.R. § 1208.13(a) (2007) (stating that burden of proof is on alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Such a causal nexus is required to support the grant of asylum. 8 U.S.C. § 1101(a)(42)(A) (2000); Abdel-Rahman v. Gonzales, 493 F.3d 444, 450-51 (4th Cir. 2007); Saldarriaga v. Gonzales, 402 F.3d 461, 466 (4th Cir. 2005), cert. denied, 546 U.S. 1169 (2006).

---

[*]Because Barahona-Padilla does not challenge the Board's affirmance of the denials of asylum based on his membership in a particular social group, withholding of removal, or CAT relief, we will not consider the disposition of those claims. See 4th Cir. R. 34(b); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we deny the petition for review for the reasons stated by the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED